The opinion' of tbe Court was delivered by
O’Neall, J.
Hnder tbe 1st ground, it has been contended that tbe executions were sufficient evidence of tbe judgments. Before 1839, and under tbe authority of Maybin vs. Virgin, 1 Hill, 420, such would have been tbe rule. Tbe reason of that decision was, there was then (1833) no law requiring a magistrate to make “ a record of bis judgments.”
*415 The Legislature very wisely in 1839 provided in the 5th section of the Act of that year, (11 Stat. 14,) that “each magistrate should keep two books, one for civil, the other for criminal cases, wherein he shall insert all his proceedings in each case by its title, showing the commencement progress and termination thereof, as well as all fees charged or received by him and shall produce the same when required for the inspection of the solicitor of the circuit; and at the expiration of his term of office, shall deposit the same in the clerk’s office for the district for which he was appointed.”
In the 15th section, p. 18, is the provision: “ In case the plaintiff shall discontinue or be non-suited, or the complaint be disproved, the magistrate shall award proper costs against such plaintiff; and if the demand or any part thereof be sustained, he shall give judgment therefor, together with the costs and having entered the same in his booh may issue execution for such amount so adjudged,” &c. This provision was, I have no doubt, in analogy to the proceedings on sum. pro. in which the decree entered on the journals of the Court is the judgment.
The magistrate’s book and judgment therein is a quasi record and must be adduced and proved to authorize the execution. The objection was, therefore, well taken on the circuit. Indeed it seemed to be hardly questioned by the defendants.
To enable them to show that the sale of the mule was fraudulent, it was necessary that it should be shown that Black and Etters were judgment creditors. Being unable to produce their judgments their defence was utterly in vain. There could be no fraud unless against creditors having a right as against James Etters to sell.
The ground of surprise cannot avail the defendants. It was their business to know that they had their proof so that it could be properly given in evidence. Failing to have it, *416 was tbeir misfortune, but the plaintiff is not answerable for that.
Tbe motion is dismissed.
GrLOVEE and Mimro, JJ., concurred.
Wardlaw and WhitNeb, JJ., dissented.
Withers, J., absent.

Motion dismissed.